**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS S GERLACH; SUZANNE L GERLACH, husband and wife,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>CITY OF BAINBRIDGE ISLAND, a municipal corporation; JOSHUA MACHEN; DOES, 1-10,<br><br>        Defendants - Appellees. | No. 12-35888<br><br>D.C. No. 3:11-cv-05854-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 3, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Marcus and Suzanne Gerlach filed suit against the City of Bainbridge Island ("the City") and Joseph Machen, an employee of the City, under Wash. Rev. Code § 64.40 and 42 U.S.C. § 1983. Plaintiffs alleged that Joseph Machen purposefully delayed issuance of their buoy permit to extort plaintiffs to hire him as a window washer. The district court granted defendants' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291; we affirm and remand for clarification.

1. Section 64.40 authorizes claims for damages incurred only after a final agency decision has been made. *Birnbaum v. Pierce Cnty.*, 274 P.2d 1070, 1073 (Wash. App. Ct. 2012). Plaintiffs' § 64.40 claim fails because the only harms they alleged occurred before the final agency action of granting plaintiffs a buoy permit. We therefore affirm the district court's dismissal of plaintiffs' claim under § 64.40.

2. The district court did not abuse its discretion in calculating attorneys' fees under Wash. Rev. Code § 64.40.020. The district court considered defendants' attorneys' calculation of the hours spent on the § 64.40 claim, and the billing rates for each attorney. The court correctly undertook a lodestar analysis to determine the reasonableness of the request. *Manna Funding, LLC v. Kittitas Cnty.*, 295 P.3d 1197, 1209 (Wash. App. 2013). Plaintiffs do not support their challenge to the attorneys' fees award. Fed. R. App. P. 28(a)(8)(A). We therefore affirm the district court's attorneys' fees award under § 64.40.

3. Plaintiffs' 42 U.S.C. § 1983 claim against Machen fails because plaintiffs have not adduced evidence to prove that Machen caused their alleged injuries. Section 1983 requires plaintiffs to prove causation. *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008). We therefore affirm the district court's summary dismissal of plaintiffs' substantive due process claim against Machen.

4. Plaintiffs' § 1983 claim against the City fails because they failed to identify any legal or factual grounds for holding the city liable. Therefore, we affirm the district court's summary dismissal of plaintiffs' substantive due process claim against the City.

5. The district court did not abuse its discretion in denying a continuance of the hearing of the motion of summary judgment because further discovery would not have affected its judgment. The plaintiffs stated that they wanted more time to pursue discovery regarding other "illegal conduct by Mr. Machen in abuse of his authority." The district court's reasons for granting defendants' motion for summary judgment, however, were not based on Machen's conduct, and so further evidence regarding Machen's alleged corruption would not have affected its ruling. Therefore, we affirm the district court's denial of plaintiffs' motion for a continuance of summary judgment.

6. Defendants' request for sanctions against plaintiffs under Fed. R. App. P. 38 is procedurally defective because Rule 38 requires a separate motion for fees; a request made in an appellate brief does not satisfy Rule 38 and must be denied. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009). We therefore deny defendants' request for sanctions under Fed. R. App. P. 38 for failure to submit a separately filed motion.

7. We grant defendants' request for reasonable attorneys' fees incurred on appeal in defending plaintiffs' § 64.40 claim pursuant to § 64.40.020. The determination of the correct amount of fees on appeal is referred to the court's special master, Appellate Commissioner Peter L. Shaw, who shall conduct whatever proceedings he deems correct, and who shall have authority to enter an order awarding fees. *See* 9th Cir. R. 39-1.9. The order is subject to reconsideration by the panel. *Id.*

8. After the district court granted the defendants' motion for summary judgment with regard to the plaintiffs' claims for § 64.40 and § 1983, it "decline[d] to exercise supplemental jurisdiction over the Gerlachs' tortious interference [with quiet enjoyment] claim and remand[ed] this action to the court in which it was filed." The district court then issued two orders denying the plaintiffs' motion for reconsideration and granting entry of final judgment, without mentioning the tortious interference claim in either order. We remand the tortious interference

4

claim to the district court to clarify whether it should be remanded to state court or summarily dismissed.

We AFFIRM the district court as set forth above, but REMAND only the tortious interference claim for clarification, and DENY defendants' request for attorneys' fees under Fed. R. App. P. 38. We GRANT fees only as to that portion of the appeal under Wash. Rev. Code § 64.40.020 and refer computation of the amount to Commissioner Shaw.