**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MARCUS GERLACH and SUZANNE GERLACH, | No. 87084-0-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| CITY OF BAINBRIDGE, municipal corporation, | |
| Respondent, | |
| Does 1-10, | |
| Defendants. | |

MANN, J. — Suzanne and Marcus Gerlach appeal the trial court's order granting summary judgment and dismissing their lawsuit against the City of Bainbridge Island (City) related to development on their shoreline property. We affirm.

I

In 2004, the Gerlachs purchased a waterfront property on Bainbridge Island. In 2005, the Gerlachs applied for a mooring buoy permit from the City. The Gerlachs subsequently voluntarily withdrew their application.

The Gerlachs filed another permit application for a mooring buoy in 2010. This application was denied, and the Gerlachs appealed to a hearing examiner. Before a hearing on the merits, the City negotiated a settlement with the Gerlachs, and the Gerlachs obtained the mooring buoy permit.

While the mooring buoy permit application was pending, the Gerlachs sued the City and one of its planners, Joshua Machen, in U.S. Federal District Court for a violation of their civil rights during the mooring buoy application process. See Gerlach v. City of Bainbridge Island, C11-5854BHS, 2012 WL 3239117 (W.D. Wash. Aug. 7, 2012) (court order) (Gerlach I). The Gerlachs accused Machen of denying their permit as retaliation for declining his window washing services and also claimed that the City used a counterfeit map.

The U.S. District Court dismissed the Gerlachs' claims on summary judgment, determining that the claims against Machen were unfounded, and that the Gerlachs failed to exhaust their administrative remedies. Gerlach I, supra. The Ninth Circuit affirmed. The Gerlachs were ordered to pay the City's legal expenses for both the trial court and appellate proceedings. See Gerlach v. City of Bainbridge Island, 551 F. App'x 418 (9th Cir. 2014) (mem.).

In 2012, the Gerlachs applied to the City for a shoreline development permit to build a dock, boathouse, retaining wall, and concrete bulkhead. Before a decision was issued, the Gerlachs sued the City in Kitsap County Superior Court seeking declaratory relief alleging that the City violated the appearance of fairness doctrine when considering their application. The trial court dismissed the Gerlachs' lawsuit on summary judgment determining that the Gerlachs had not exhausted their

administrative remedies.  The Gerlachs appealed and Division Two of this court affirmed in an unpublished opinion.[1]  Our Supreme Court denied review.[2]

While that litigation was pending, the City issued its decision granting the Gerlachs a permit for the dock, boathouse, and retaining wall, but denied the permit to build a concrete bulkhead.  The Gerlachs appealed the decision to the City's hearing examiner Theodore Hunter.  The Gerlachs unsuccessfully moved to disqualify Hunter.  The Gerlachs then refused to participate in the hearing because there was an unsigned permit decision in the file.  Hunter attempted to continue the case, offer alternatives, and engage with Gerlachs, but the Gerlachs refused to participate.  On March 16, 2018, Hunter issued an order finding that the Gerlachs' decision to voluntarily decline to participate required dismissal of the appeal.  The Gerlachs then filed a complaint against Hunter with the Washington State Bar Association (WSBA).

While the appeal of the denial of the bulkhead was pending, the Gerlachs applied for, and were granted, a Hydraulic Project Approval (HPA) from the Washington State Department of Fish and Wildlife (WDFW) for construction of the proposed bulkhead.  An HPA is required for construction that will "use divert, obstruct, or change the natural flow or bed of any of the salt or fresh water of the state."  WAC 220-660-010.

Sound Action, a nonprofit organization concerned about the impact of the shoreline development, unsuccessfully appealed the HPA to the State Pollution Control Hearings Board (PCHB) and then to Division Two of this court.  See Sound Action v.

---

[1] See Gerlach v. City of Bainbridge Island, No. 45571-4-II (Wash. Ct. App. Dec. 16, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2045571-4-II%20%20Unpublished%20Opinion.pdf.

[2] See Gerlach v. City of Bainbridge Island, 182 Wn.2d 1025, 347 P.3d 459 (2015) (denying review).

No. 87084-0-I/4

<u>Washington State Pollution Control Hr'gs Bd.</u>, No. 57308-3-II (Wash. Ct. App. May 9, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2057308-3-II%20Unpublished%20Opinion.pdf.  The City was not a party to and did not participate in those proceedings.

In 2021, the Gerlachs filed a new application with the City seeking to revise their application for the dock, boathouse, retaining wall, and concrete bulkhead.  In April 2022, the building official issued a decision denying the revision application.  The Gerlachs appealed the denial to the City's hearing examiner, Andrew Reeves.  The Gerlachs moved to disqualify Reeves because he practiced in the same law firm (Sound Law Center) as Hunter.  Reeves acknowledged the bar complaint against Hunter and stayed the proceeding until the bar complaint was adjudicated by WSBA.

While the bar complaint was pending, the City ended its contract with Sound Law Center, thus rendering the potential disqualification of the hearing examiner moot.  The City requested a new hearing for the Gerlachs' appeal in front of a new hearing examiner.  A prehearing conference was held on December 21, 2023, and a hearing on the merits was scheduled for March 28, 2024.

Meanwhile, on December 18, 2023, the Gerlachs again sued the City in Kitsap County Superior Court asserting claims of negligence, tortious interference with business relationships, negligent misrepresentation, and seeking declaratory relief.  For the negligence claim, the Gerlachs alleged that the City breached their duty to timely process the revision application.  They argued that the City had a duty "to avoid acting with sheer malice and discrimination" in regard to both the permit filed in 2011 and the revision application in 2021.

-4-

For the tortious interference claim, the Gerlachs alleged that they had to discontinue part-time use of the rental unit on their property in anticipation for the construction of the bulkhead, and the City's delay caused them damages. Under the negligent misrepresentation claim, the Gerlachs alleged that the City relied on a counterfeit map and that the City had misrepresented evidence and facts in various court proceedings.

The City successfully moved for summary judgment and dismissal of the Gerlachs' claims. The trial court determined that all conduct prior to the pending 2021 revision application was barred by both res judicata and the statute of limitations. The trial court concluded that the claims related to the 2021 revision application, which were pending before the hearing examiner, were barred due to the Gerlachs' failure to exhaust administrative remedies.

The trial court awarded attorney fees and costs to the City under both CR 11 and RCW 4.24.185. The trial court denied the Gerlachs' motion for sanctions under CR 11 and their motion to strike the City's declarations under CR 12(f).

The Gerlachs unsuccessfully moved for reconsideration of the court's order granting summary judgment and declining to impose CR 11 sanctions against the City.

The Gerlachs appeal.[3]

---

[3] On June 25, 2024, the Gerlachs filed an amended notice of appeal identifying the trial court's June 6, 2024 order granting the City's motion for attorney fees and costs and the June 17, 2024 order denying reconsideration. The Gerlachs failed, however, to assign error to these orders or provide argument in the opening brief as required by RAP 10.3. We will not consider issues without argument or citations to the record. Nor do we consider arguments raised only in a reply brief. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

II

The Gerlachs assign error to the trial court's March 22, 2024 order granting the City's motion for summary judgment and dismissing their claims.

We review summary judgment orders de novo, considering the evidence and reasonable inferences in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate "if the pleadings, affidavits, and depositions before the trial court establish that there is no genuine issue of material fact and that as a matter of law the moving party is entitled to judgment." Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995); CR 56(c).

A

The Gerlachs argue that the trial court erred in determining that some of their claims were barred by the statute of limitations. We disagree.

The trial court concluded that all claims based on conduct before the 2021 revision application were barred by res judicata and the statute of limitations. The statute of limitations is an affirmative defense on which the appellant bears the burden of proof. Haslund v. City of Seattle, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976). Whether a case was filed within the statute of limitations period is normally a question of law. Kiona Park Estates v. Dehls, 18 Wn. App. 2d 328, 336, 491 P.3d 247 (2021).

The Gerlachs' complaint described conduct from over a decade ago as the basis for their negligent misrepresentation and negligence claims. More specifically, the Gerlachs alleged various instances of misconduct by the City from the mooring buoy

permit, which was ultimately awarded to the Gerlachs in 2011.  The alleged misconduct during this process is outside the three-year statute of limitations.  See RCW 4.16.080.

Accordingly, to the extent that the Gerlachs' claims were based on or supported by conduct before the 2021 revision application, those claims were barred by the statute of limitations and were properly dismissed on summary judgment.[4]

B

The Gerlachs argue that the trial court erred in concluding that they failed to exhaust administrative remedies.  We disagree.

The Land Use Petition Act (LUPA), ch. 36.70C, governs judicial review of land use decisions.  RCW 36.70C.030 provides that LUPA "shall be the exclusive means of judicial review of land use decisions," but lists exceptions where it does not apply, including:

> Claims provided by any law for monetary damages or compensation.  If one or more claims for damages or compensation are set forth in the same complaint with a land use petition brought under this chapter, the claims are not subject to the procedures and standards, including deadlines, provided in this chapter for review of the petition.  The judge who hears the land use petition may, if appropriate, preside at a trial for damages or compensation.

RCW 36.70C.030(1)(c).

Generally, this section applies to exclude LUPA claims that seek compensation rather than a reversal or modification of a land use decision.  Lakey v. Puget Sound Energy, 176 Wn.2d 909, 928, 296 P.3d 860 (2013).  But where "plaintiffs needed to show the illegality of part of the permit to succeed on their claims," this amounts to "an

---

[4] Because these claims are barred by the statute of limitations, we do not address whether they were also barred by res judicata.

attack on a land use decision time barred by LUPA." Lakey, 176 Wn.2d at 926 n.11 (citing James v. County of Kitsap, 154 Wn.2d 574, 583-86, 115 P.3d 286 (2005)); see also Asche v. Bloomquist, 132 Wn. App. 784, 801, 133 P.3d 475 (2006) (LUPA precludes public nuisance claim that depended on a finding that the County improperly applied zoning code to specific property); Woods View II, LLC v. Kitsap County, 188 Wn. App. 1, 24-25, 352 P.3d 807 (2015) ("a damage claim may still be controlled by LUPA if it is dependent on 'an interpretative decision regarding the application of a zoning ordinance.'"). Accordingly, "claims for damages based on a LUPA claim must be dismissed if the LUPA claim fails." Mercer Island Citizens for Fair Process v. Tent City 4, 156 Wn. App. 393, 395-96, 405, 232 P.3d 1163 (2010) (dismissing claims for damages under 42 U.S.C. § 1983 that depended on the validity of permit); see also Shaw v. City of Des Moines, 109 Wn. App. 896, 901, 37 P.3d 1255 (2002) ("If the petitioner loses the LUPA appeal, the damages case is moot and the matter is over.").

"Exhausting administrative remedies is always a condition precedent to challenging a 'land use decision' that is subject to review under LUPA." West v. Stahley, 155 Wn. App. 691, 697, 229 P.3d 943 (2010); RCW 36.70C.060(2)(d) (emphasis added). The doctrine of exhaustion

> (1) insure[s] against premature interruption of the administrative process; (2) allow[s] the agency to develop the necessary factual background on which to base a decision; (3) allow[s] exercise of agency expertise in its area; (4) provide[s] a more efficient process; and (5) protect[s] the administrative agency's autonomy by allowing it to correct its own errors and insuring that individuals were not encouraged to ignore its procedures by resorting to the courts.

Durland v. San Juan County, 182 Wn.2d 55, 68, 340 P.3d 191 (2014) (quoting S. Hollywood Hills Citizens Ass'n v. King County, 101 Wn.2d 68, 73-74, 677 P.2d 114

(1984). The exhaustion requirement furthers LUPA's purpose and there are no equitable exceptions to it. Durland, 182 Wn.2d at 68.

Here, the Gerlachs did not exhaust their administrative remedies before suing based on the pending revision application. There was no final land use decision on their 2021 revision application. At the time of the complaint, the application was pending appeal before a hearing examiner. The Gerlachs filed this lawsuit before there was a final decision.

Similarly, the Gerlachs were not permitted to receive declaratory relief. The superior court cannot award declaratory relief by granting the application because there were other adequate remedies through the administrative process. Grandmaster Sheng-Yen Lu v. King County, 110 Wn. App. 92, 106, 38 P.3d 1040 (2002).

The Gerlachs' claims arising out of the 2021 revision application were not ripe for review. These claims were properly dismissed on summary judgment.

C

The Gerlachs assert the trial court failed to apply the law of the case because the HPA included the requested bulkhead. We disagree.

The "law of the case" doctrine provides that once there is an appellate court ruling, its holding must be followed in all subsequent stages of the same litigation. State v. Schwab, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). The doctrine "seeks to promote finality and efficiency in the judicial process." Schwab, 163 Wn.2d at 672 (quoting Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005)).

The Gerlachs argue that because the appellate court upheld the HPA permit in Sound Action, it became the law of the case, and the City was not permitted to deny the

permit. We disagree. First, an HPA is only one narrow approval required for the project. The Gerlachs were still required to follow local rules and regulations, which required the Gerlachs to obtain the permit in accordance with the City's code. WAC 220-660-050(1)(b) ("HPAs do not exempt a person from obtaining other necessary permits and following the rules and regulations of local, federal, and other Washington state agencies.") The HPA did not require the City to automatically grant the Gerlachs a bulkhead permit, nor did it require the trial court to order the City to grant the permit.

Moreover, the City was not a party to the litigation in the Sound Action case. The law of the case doctrine applies when it is the same litigation. That was not the case here. The Sound Action case was between the Gerlachs and the nonprofit Sound Action.

The law of the case doctrine was inapplicable.

D

The Gerlachs next argue that the trial court erred in granting summary judgment to the City because the City's declarations used material misstatements. The Gerlachs also argue that the trial court improperly weighed evidence in favor of the City. We disagree.

Although the evidence is viewed in the light most favorable to the nonmoving party, if that party is the plaintiff and the plaintiff fails to make a factual showing sufficient to establish an element essential to their case, summary judgment is warranted. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). In addition, the nonmoving party may not rely on speculation or bare assertions to create a material issue of fact. Becker v. Wash. State Univ., 165 Wn. App. 235, 245, 266 P.3d

893 (2011). "[M]ere allegations, denials, opinions, or conclusory statements" do not establish a genuine issue of material fact. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004).

The Gerlachs did not make a factual showing sufficient to establish essential elements of their case. Instead, the Gerlachs relied on speculation and bare assertions to attempt to create a material issue of fact, but many of the issues or factual disputes have already been litigated. Additionally, other than bare conclusory statements, the Gerlachs do not establish that the City's declarations were based on material misstatements.

There was no genuine issue of material fact and the City was entitled to dismissal as a matter of law. The trial court did not err.

III

The Gerlachs argue the trial court erred in denying their motion for CR 11 sanctions against the City. We disagree.

The Gerlachs moved for CR 11 sanctions against the City. They alleged that the City's motion for summary judgment was based upon factually inaccurate statements and was filed to harass the Gerlachs. The trial court determined that the Gerlachs did not demonstrate they are entitled to CR 11 sanctions because the City was not barred from moving for summary judgment and the documents in support of their motion do not form a basis for sanctions.

We review sanctions under CR 11 for an abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). "A trial court abuses its discretion when its order is manifestly unreasonable or

based on untenable grounds." Fisons, 122 Wn.2d at 339.  "The sanction rules are designed to confer wide latitude and discretion upon the trial judge to determine what sanctions are proper in a given case."  Fisons, 122 Wn.2d at 339.

The trial court did not abuse its discretion when it denied the Gerlachs' motion for sanctions against the City.  The Gerlachs continue to maintain the City relied on fraudulent declarations although that argument has repeatedly been rejected.  In addition, as the trial court found, the City is permitted to move for summary judgment.  There is nothing improper or sanctionable in the City's conduct in this lawsuit.

The trial court did not abuse its discretion in denying the Gerlachs' request for sanctions.[5]

IV

The Gerlachs seeks attorney fees under RAP 14.1 and RAP 18.1.  We decline to award fees to the Gerlachs as they are not the prevailing party.

The City also requests an award of attorney fees and costs on appeal.  Under RAP 18.1(b), a party "must devote a section of its opening brief to the request for the fees."  The rule "requires argument and citation to authority to advise us of the appropriate grounds for an award of attorney fees."  Osborne v. Seymour, 164 Wn. App. 820, 866, 265 P.3d 917 (2011).  Compliance with RAP 18.1(b) is mandatory and requires "more than a bald request for attorney fees on appeal."  Osborne, 164 Wn.

---

[5] The Gerlachs also assign error to the trial court's denial of their motion to strike the City's declarations under CR 12(f).  They appear, however, to abandon that argument on appeal and instead argue that the declarations were admitted in violation of the ER 602 and ER 802.  We decline to consider this argument under RAP 2.5(a) because it was never presented to the trial court.

App. at 866.  But because the City does not comply with RAP 18.1, we decline to award fees.

We affirm.

_____Mann, J._____

WE CONCUR:

_____Chung, J._____          _____Coburn, J._____